ST. PAUL TRUST & SAVINGS BANK et al. v. WALKILL STOCK FARMS CO. et al.

(District Court, S. D. Florida. April 21, 1922.)

No. 222.

1. Receivers ☞35(3)—Lienholder cannot complain that notice was not given debtor of application for receiver.

A lienholder cannot complain that appointment of a receiver in an ancillary proceeding was coram non judice, because the debtor was not given notice of the application for a receiver and no subpœna was served on it; such debtor having filed its answer and consented to the jurisdiction of the court, which it had a right to do.

**2. Receivers ⊕⟹206, 208—Court in ancillary proceeding has right to protect rights and preserve liens of all creditors, and discharge one and appoint another receiver.**

The court in which an ancillary receivership proceeding is filed has the power to protect the rights and preserve the liens of all creditors and may administer the funds and proceeds of the property of the debtor in its jurisdiction, and may, in the exigencies of the warrant, discharge receiver appointed in the ancillary proceeding and appoint another.

In Equity. Bill by the St. Paul Trust & Savings Bank, formerly the Van Sant Trust Company, as trustee, and Grant Van Sant, as individual trustee, against the Walkill Stock Farms Company and others. On motion by complainants to vacate order appointing a certain person receiver and to appoint another. Motion denied.

Giles J. Patterson, of Jacksonville, Fla., for complainants.
Cooper, Cooper & Osborne, of Jacksonville, Fla., for defendants.

CALL, District Judge. In the case 221, American Clearing Co. v. Walkill Stock Farms Co., the complainant filed a bill in which it sought and obtained the appointment of a receiver for all the property real and personal of the defendant ancillary to a suit commenced in Ohio, the domicile of the defendant, in which the relief sought was the preservation of the corpus of the property in order that it might be applied to the payment of its debts. Receivers were appointed by the Ohio court. Copy of the proceedings in the Ohio court, in which the defendant answered, admitting the allegations of the bill and consenting to such an appointment.

The complainant in this case, a trustee for bondholders, filed its bill seeking the foreclosure of the deed of trust, setting up facts which it claims makes the appointment of a receiver in the ancillary suit non judice and void, and moves this court to vacate the order appointing a receiver and appoint a receiver in its suit. It is upon this motion that a hearing was had.

[1] The contention of complainant, as I understand it, is that, because notice was not given the defendant of the application for a receiver and no subpœna served upon it, such appointment was coram non judice. The record from the Ohio court shows that the defendant filed its answer and consented to the jurisdiction of that court, and since the filing of the ancillary bill and before the motion was heard in this case, filed its answer in this court. If this court had jurisdiction, its order would not be coram non judice. That it did have jurisdiction of the subject-matter of the suit there can be no question. If the defendant did not have notice of the application, it would be heard to complain of this; but it is not here complaining. By its subsequent action it consents to jurisdiction over itself, and this it may do. The complainant in this case has a lien upon certain of the property of defendant, and it is the only one complaining of the order of the court, having taken the property of the defendant for the purpose of preserving it for the benefit of the creditors to be applied to the debts of the corporation.

⊕⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[2] The powers of this court are ample, in the ancillary proceeding, to protect the rights and preserve the liens of all creditors. As I understand the law, this court may administer the funds, the proceeds of the property of the defendant in this jurisdiction and protect the rights and liens of creditors in and upon said property. It may in the exigencies of the warrant discharge the receiver in the ancillary proceeding and appoint another. Taking the allegations of the ancillary bill together with the allegations of the bill filed in Ohio and made a part of the ancillary bill filed in this court, I am of opinion that such appointment was proper under the circumstances to preserve the property and prevent its dissipation.

The bill of complaint filed in this case does not make a case for the appointment of a receiver at the instance of complainant, who under the laws of Florida is a lienor, with the right to make its debt out of the property.

The motion of the complainant will therefore be denied.